IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARIAM FLORES-LITMAN, Individually and on Behalf of All Others Similarly Situated**        **PLAINTIFF**

vs.                                    No. 5:20-cv-346

**FLIGHT SERVICES & SYSTEMS, LLC**        **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Mariam Flores-Litman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Flight Services & Systems, LLC ("Defendant"), she does hereby state and allege as follows:

### I.    JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

Page 1 of 10
Mariam Flores-Litman, et al. v. Flight Services & Systems, LLC
U.S.D.C. (W.D. Tex.) Case No. 5:20-cv-346
Original Complaint—Collective Action

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, operating and managing an aviation services company within Bexar County.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiff was employed by Defendant within the Western District of Texas.

6. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

7. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Texas.

8. Defendant is a domestic limited liability company registered in Ohio.

9. Defendant's registered address for service is National Registered Agents, Inc., at 4400 Esaton Commons Way, Suite 125, Columbus, Ohio 43219.

10. Defendant maintains a website at http://www.fsspeople.com/.

## III.   FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Plaintiff was employed by Defendant as an hourly employee from September of 2016 until January of 2019, as a salaried employee from January of 2019 until January of 2020, and as an hourly employee from January of 2020 until February of 2020.

13. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

16. At all relevant times herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

17. At all times material herein, Plaintiff and those similarly situated have been misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

18. Defendant contracts with Frontier Airlines and other airline companies to provide aviation services.

19. During the period relevant to this lawsuit, Plaintiff worked as an Operations Manager for Defendant's aviation services company.

20. At all relevant times herein, Defendant directly hired Operations Managers to work for its aviation services company, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. As Operations Managers, Plaintiff and similarly situated employees were responsible for monitoring processes including the punctual check-in of flights and the completion of proper paperwork, meeting aircrafts on arrival, ensuring that the jet bridge is in place, and following airline guidelines.

22. Operations Managers regularly worked in excess of forty (40) hours per week.

23. Plaintiff and other similarly situated employees did not hire or fire any other employee.

24. Plaintiff and other similarly situated employees were not asked to provide input as to which employees should be hired or fired.

25. Plaintiff and other similarly situated employees did not exercise independent judgment in matters of significance.

26. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

27. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

28.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

29.    Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as salaried Operations Managers at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Overtime premiums for all hours worked in excess of forty per week;

B.    Liquidated damages; and

C.    The costs of this action, including attorney's fees.

30.    Plaintiff proposes the following class under the FLSA:

**All Operations Managers within the last three years.**

31.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file her written Consent to Join this lawsuit.

32.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

33.    The proposed FLSA class members are similarly situated in that they share these traits:

A.    They were misclassified as salaried employees;

B. They were not paid proper overtime wages as required by the FLSA;

C. They worked more than 40 hours in at least one week; and

D. They had substantially similar job duties, requirements, and pay provisions.

34. Plaintiff is unable to state the exact number of the class but believes that there are approximately twenty-five (25) other employees who worked as Operations Managers and were misclassified as salaried employees.

35. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Operations Managers.

36. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

40. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

41. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

42. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

43. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

44. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VI. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

53. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mariam Flores-Litman, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

F. Judgment for liquidated damages pursuant to the FLSA;

H. For a reasonable attorney's fee, costs, and pre-judgment interest; and

I. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MARIAM FLORES-LITMAN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com