IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| MARIAM FLORES-LITMAN, ) | CIVIL ACTION NO. 5:20-CV-346-FB |
| individually and on behalf of all other ) | |
| similarly situated, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| FLIGHT SERVICES & SYSTEMS, LLC,) | |
| Defendant. ) | |

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff, Mariam Flores-Litman ("Flores-Litman"), and Defendant, Flight Services & Systems, L.L.C. ("FSS"), (collectively, the "Parties") hereby file this Joint Motion to Approve Settlement.

## I.
## BACKGROUND

Plaintiff filed this lawsuit against FSS seeking to recover unpaid overtime wages, liquidated damages, and attorneys' fees pursuant to the Fair Labor Standards Act (the "FLSA"). Plaintiff specifically alleges that FSS misclassified her as an employee exempt from the overtime requirements of the FLSA, and she thus is entitled to overtime compensation for any hours worked over forty (40) in each workweek. FSS timely filed an answer denying Plaintiff's allegations and specifically maintained that Plaintiff was properly classified as exempt from the FLSA and, further, that FSS is not even subject to the FLSA pursuant to the Railway Labor Act exemption.

During the course of discovery, the Parties (through Counsel) privately negotiated and agreed to general terms for settlement, and the Parties now have agreed to the specific terms of a

4074259-1

Confidential Settlement Agreement, a copy of which is filed under seal as Exhibit A to this Motion.[1]

## II.
## THE NEED FOR COURT APPROVAL

While Court approval of a bona-fide dispute under the FLSA is not always required in the Fifth Circuit, the parties are nonetheless seeking court approval of the settlement. *See* 29 U.S.C. § 216; *Martin v. Spring Break '83 Productions,* 688 F.3d 247 (5th Cir. 2012)*; Martinez v. Bohls Bearing Equip. Co.,* 361 F.Supp.2d 608 (W.D.Tex. 2005); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp., 163* F.2d 960, 961 (5th Cir. 1947).

## III.
## THE SETTLEMENT IS FAIR AND REASONABLE IN LIGHT OF THE UNCERTAINTY OF THE OUTCOME

The Parties' settlement is fair and reasonable because uncertainty exists in this case with respect to the disputed facts and legal authorities.  In particular, Plaintiff claims that she was misclassified as an exempt employee during approximately one year of her employment with FSS, and thus, is entitled to overtime wages during this period.  In contrast, FSS maintains that Plaintiff was properly classified as an exempt employee and, thus, is not entitled to overtime compensation. Moreover, FSS also contends that it is wholly exempt from the provisions of the FLSA pursuant to the Railway Labor Act exception - and FSS intended to file a case-dispositive motion for summary judgment on this basis.  FSS thus denies liability for payment of any overtime wages, damages or attorneys' fees.

---

[1] One of the material terms of the settlement is the confidentiality of the Settlement Agreement, as well as the confidentiality of the amount of settlement.  As such, the Parties have filed the proposed Settlement Agreement under seal.

Given the above bona-fide disputes surrounding liability and damages, the Parties believe the instant settlement is fair and reasonable under the facts and circumstances of this particular case. In further support of the motion, the Parties note that Counsel for Plaintiff and Counsel for Defendant have substantial experience in litigating FLSA matters and have advised their clients on the terms of the proposed settlement. Moreover, Plaintiff's Counsel has incurred more than $29,000.00 in attorneys' fees on this matter, but has agreed to settle this case for substantially less than the attorneys' fees accrued to date. Finally, the attorneys' fees to be awarded to Plaintiff's Counsel were negotiated separately from Plaintiff's damages. Accordingly, this resolution sufficiently resolves all matters before the Court.

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court issue an order approving the settlement as set forth above. For the Court's convenience, a copy of the proposed Order is attached.

Dated: April 8, 2021

Respectfully submitted,

SANFORD LAW FIRM, PLLC

/s/ Josh Sanford
Josh Sanford, Texas Bar No. 24077858
Merideth Q. McEntire, Texas Bar No. 24105123
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 511
Little Rock, Arkansas 72211
Telephone: (800) 651-4946
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

*Attorneys for Plaintiff, Mariam Flores-Litman*

4074259-1

CHAFFE McCALL, LLP

*/s/ Sarah Voorhies Myers*
Sarah Voorhies Myers (*pro hac vice*)
Amy L. McIntire (*pro hac vice*)
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163
T: (504) 585-7000
F: (504) 544-6092
E: myers@chaffe.com
E: mcintire@chaffe.com

*and*

H. Michael Bush
Texas Bar No.24054296
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163
T:  (504) 585-7000
F: (504) 544-6042
E: bush@chaffe.com

*Attorneys for Defendant,*
*Flight Services & Systems, LLC*